# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RICHARD DELL ABBOTT,

                Plaintiff,

v.

ARAMARK FOOD SERVICES,
CORRECTIONAL OFFICER
HOSKINS, and WAUKESHA
COUNTY JAIL,

                Defendants.

Case No. 20-CV-1597-JPS

**ORDER**

Plaintiff Richard Dell Abbott filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. (Docket #1). This case was previously assigned to Magistrate Judge Stephen Dries. However, because not all parties have had the opportunity to consent to magistrate judge jurisdiction, the case was reassigned to a District Judge for entry of this order, which resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

**1.    MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On October 29, 2020, the Court ordered Plaintiff to pay an initial partial filing fee of $12.83. (Docket #8). Plaintiff paid $13.00 on November 12, 2020. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. (Docket #2). He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## 2.     SCREENING THE COMPLAINT

### 2.1     Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2    Plaintiff's Allegations

Plaintiff asserts that, on September 19, 2020, Defendant Correctional Officer Hoskins delivered his food tray. (Docket #1 at 2).  Plaintiff allegedly bit down onto a small, hard object, fracturing his filling and chipping his tooth. (*Id.*) Plaintiff showed Hoskins the object, which Hoskins placed in a bag and identified as a "ball grinner." (*Id.*) Hoskins allegedly told Plaintiff it came from the kitchen. (*Id.*)

Plaintiff states that "someone, was negligent and careless by allowing or putting a ball grinner into the food" which caused him injury and pain. (*Id.* at 3).  He asserts that either Hoskins or food services staff accidentally or maliciously placed the object in his food. (*Id.*) Plaintiff was seen by the nurse after he was injured. (*Id.*)

### 2.3    Analysis

Plaintiff does not state which constitutional right was violated. However, his allegations may state a claim under the Eighth Amendment. To state an Eighth Amendment claim for unconstitutional conditions of confinement, Plaintiff must allege that officials were deliberately indifferent to conditions of confinement that constituted an "unnecessary and wanton

infliction of pain." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992); *Farmer v. Brennan*, 511 U.S. 825, 834 (1970) (holding that an Eighth Amendment violation arises when prisoners are deprived of "the minimal civilized measure of life's necessities."). Inmates are entitled to "adequate food, clothing, shelter, and medical care." *Farmer*, 511 U.S. at 832. This includes sanitary and hygienic living conditions. *See Myers v. Ind. Dep't of Corr.*, 655 F. App'x 500, 503–04 (7th Cir. 2016). Allegations of unsanitary food or objects found in a prisoner's food may state a constitutional claim. However, the claim must be more than a single incident to constitute a constitutional violation.

> A single incident of food poisoning or finding a foreign object in food does not constitute a violation of the constitutional rights of the prisoner affected. Evidence of frequent or regular injurious incidents of foreign objects in food, on the other hand, raises what otherwise might be merely isolated negligent behavior to the level of a constitutional violation.

*Green v. Atkinson*, 623 F.3d 278, 281 (5th Cir. 2010) (citing *Hyder v. Perez*, No. 96–40003, 1996 WL 255243, at *1 (5th Cir. April 29, 1996) (unpublished) (per curiam); *George v. King*, 837 F.2d 705, 707 (5th Cir. 1988)). *See also Brown v. Brock*, 632 F. App'x 744, 747 (4th Cir. 2015); *Robinson v. Danberg*, 673 F. App'x 205, 213 (3d Cir. 2016). Thus, in this case, Plaintiff has failed to state a claim as his allegations are of only one incident of an object being found in his food.

3.      **CONCLUSION**

Based on the foregoing, Plaintiff has failed to state a viable claim for relief against Defendants. However, the Court will allow Plaintiff an opportunity to amend his complaint to expound upon his allegations against Defendants. If he chooses to offer an amended complaint, Plaintiff should provide the Court with sufficient facts to address: 1) if there was

more than one incident of foreign objects in the food, and 2) what each Defendant's actions were in connection with the foreign objects in the food. Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and each Defendant with notice of what each Defendant allegedly did or did not do to violate his rights.

The Court is enclosing a copy of its complaint form and guide. Plaintiff must list all Defendants in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which Defendants he believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If the amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's complaint (Docket #1) fails to state a claim;

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint that complies with the instructions in this order on or before **June 9, 2021**. If Plaintiff files an amended complaint by the deadline, the Court will screen the amended complaint under 28 U.S.C. § 1915A. If Plaintiff does not file an amended complaint by the deadline, the Court will dismiss this case based on his failure to state a claim in his original complaint and will assess a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner complaint form and a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this order;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $337.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 10th day of May, 2021.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.